James Lee BARNA, as Special Administrator of the Estate of James S. Barna, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 95 C 6552.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 25, 1998.

Roger Pascal, William Edward Meyer, Jr., Schiff, Hardin & Waite, Chicago, IL, for Plaintiff.

Jonathan C. Haile, U.S. Attorney's Office, Chicago, IL, Steven J. Riegel, Senior Aviation Counsel, Dept. of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, James Lee Barna ("plaintiff"), as Special Administrator of the Estate of James S. Barna, sued the United States of America ("United States"), under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* The United States moves for partial summary judgment. For the following reasons, the motion is denied.

### Background

In the early morning hours of May 4, 1993, James S. Barna crashed his twin-engine Beech aircraft into trees on a hill not far from the Tri–County Regional Airport in Lone Rock, Wisconsin. Mr. Barna was killed in the crash. Mr. Barna was performing a VOR–A instrument approach to the airport at the time of the crash. The VOR–A instrument approach utilizes a Very High Frequency ("VHF") Omni Range ("VOR") radio beacon to provide guidance to the pilot. Mr. Barna was using an instrument approach procedure ("IAP") chart published by the National Ocean Service ("NOS") at the time of the crash. The IAP chart depicts the proper VOR–A approach to the Tri–County

Regional Airport. It is undisputed that the hill Mr. Barna crashed into is not depicted on the IAP chart. The plaintiff blames air traffic controller negligence and the failure to depict the hill on the IAP chart for the crash. The United States moves for summary judgment on the plaintiff's negligence claim for failure to depict the hill on the IAP chart.

## Federal Tort Claims Act

■ At issue in this motion is the FTCA discretionary function exception which provides that the FTCA shall not apply to:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). Whether the FTCA discretionary function exception applies in a particular case depends on two factors. *Calderon v. United States*, 123 F.3d 947, 949 (7th Cir.1997). First, the government action must be discretionary; it must involve "an element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Second, "a court must determine whether [the discretionary] judgment is of the kind that the discretionary function exception was designed to shield." *Id.* "Because the purpose of the exception is to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy ... the exception protects only governmental actions and decisions based on considerations of public policy." *United States v. Gaubert*, 499 U.S. 315, 323, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) (internal quotations omitted).

## A. Discretionary Act

■ The first issue that must be resolved is whether the United States decision not to chart the hill was a discretionary act. If a statute, regulation, or policy proscribes a course of conduct which must be followed, the discretionary function exception does not apply. *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954. The plaintiff argues the United States failed to comply with a Federal Aviation Administration ("FAA") Order and an Inter-Agency Air Cartographic Committee ("IACC") specification by not charting the hill.

The FAA publishes Agency Orders that guide the charting of obstacles on IAP charts. Agency Order 8260.19C specifically deals with charting "significant obstacles." (Df. Ex. 4 at § 816(e)). It states:

> To identify certain *significant obstacles* in or near the instrument approach area, include locations and heights under additional flight data. If, in the opinion of the procedures specialist, these obstacles could be **critical to flight safety**, they should be prefaced by the word **"Chart."** However, if the data is being furnished only as information, it shall NOT be prefaced by the word "Chart." Charting agencies will chart any item marked "Chart." Any item listed without indicating "Chart" will be reviewed by the charting agencies and will be charted if it meets their charting specifications....

Agency Order 8260.19C, § 816(e) (emphasis in original). This Order permits the procedure specialist the leeway of determining which obstacles he or she thinks are critical to flight safety.[1] The Order does not provide a definition of "significant obstacle" and thus, the decision whether or not an obstacle is "significant" and whether it should be charted is left to the opinion of the procedure specialist. This involves "an element of judgment or choice." *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954.[2]

---

1. The FAA identifies obstacles for possible charting on a Standard Instrument Approach Procedure Form 8260–5 ("Form 8260–5"). (Df.Ex. 8).

2. The plaintiff argues the uncharted hill was a "significant obstacle" that should have been charted. This argument misses the point be-

cause the discretionary function exception protects the United States against exactly this type of negligence. As the Seventh Circuit has noted, "[i]f the discretionary function exception could be pierced by showing negligent acts in implementing the discretionary function, the exception would be no shield at all." *Cassens v. St. Louis*

The IACC, a body composed of members from the Department of Transportation, the Department of Commerce, and the Department of Defense, promulgates procedures for the National Oceanic Atmospheric Administration ("NOAA") to follow in preparing IAP charts. (Rule 12(M) Statement ¶ 19). The IACC specifications state:

> *Obstacles*—(Man-made, Terrain, and Vegetation)
>
> (a) Any obstacle which penetrates a slope of 67:1 emanating from any point along the center line of any runway shall be considered for charting within the area shown to scale.
>
> Obstacles specifically identified by the approving authority for charting shall be charted regardless of the 67:1 requirement.
>
> (c) When portrayal of several obstacles within a small area would tend to clutter the chart, only the highest need be shown.

IACC Specifications, Chapter III, § 4.c(11).[3] Under IACC specifications, all obstacles identified by the FAA for charting must be charted and all other obstacles penetrating a slope of 67:1 from any point on a runway center line must be "considered" for charting. The trees Mr. Barna hit, located at an elevation of 1200 feet, met the 67:1 specification. (Rule 12(M) Statement ¶ 43). Thus, these trees had to be "considered" for charting. If a statute, regulation, or policy proscribes a course of conduct which must be followed, the discretionary function exception does not apply. *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954. The United States was required to "consider" the trees and to this extent, the discretionary function exception does not apply to the IACC specification.

The United States argues it did "consider" the trees for charting and in so doing exercised discretion. Whether the United States did or did not "consider" the trees and how it chose to "consider" the trees cuts to the heart of the negligence at issue in this case and does not change the fact it was under a non-discretionary duty to "consider" the trees. The merits of the negligence claim are not the subject of this motion for summary judgment.

Further, there is a genuine issue of fact as to whether the United States exercised discretion to "consider" the trees. The United States cites a memo by Charles Branch of NOAA and argues the memo implements a discretionary policy for "considering" trees that was followed in this case. Under NOAA's interpretation of the policy, it need only chart those trees that are the "FAS Obst"[4] for a particular VOR–A approach and any additional trees that: 1) meet the 67:1 criteria, and 2) are noted by the FAA on a Form 8260–5. The problem with NOAA's interpretation of its policy is that, for trees that meet the 67:1 criteria but are not on the FAA's Form 8260–5, it distorts the United States' "consideration" into no consideration at all, a direct conflict with the plain language of the IACC specification. Indeed, it is unlikely that NOAA knew the trees existed since the trees were not noted on the FAA's Form 8260–5. (Df.Ex. 8). The United States' own expert, Anthony Mupo, NOAA employee, concedes the trees Mr. Barna crashed into were not "considered" because they did not appear on the Form 8260–5. (Mupo Dep. at 94).

NOAA is directed to "consider" all obstacles that meet the 67:1 specification. This is a non-discretionary directive. Whether the United States "considered" the trees and

---

*River Cruise Lines, Inc.*, 44 F.3d 508, 515 (7th Cir.1995).

3. The "approving authority" in this case is the FAA.

4. According to the FAA's Agency Order, each Final Approach Segment ("FAS") shall note a FAS Obstacle; that is, the highest near-by obstacle relative to the final segment of the approach. Agency Order 8260.19C, § 816(d); Bolton Aff. ¶ 13. The FAS Obstacle need not be charted unless it is preceded by the word "Chart."

Agency Order 8260.19C, § 816(e). Ronald Bolton is chief of the Aeronautical Charting Division of NOAA and directs operations and develops policy for IAP charts. According to Mr. Bolton, NOAA always charts the FAS Obstacle if it meets the IACC 67:1 specification. (Bolton Aff. ¶ 16). He declared that trees located at 1260 feet were the FAS Obstacle on the IAP chart at issue. (Bolton Aff. ¶ 12). While the FAS Obstacle in the instant case, the trees at 1260 feet, was not preceded by the word "Chart," it met the 67:1 specification and was charted. (Df.Ex. 2).

how it chose to "consider" the trees are negligence issues that do not implicate the discretionary function exception.

*Conclusion*

For the foregoing reasons, the United States' motion for summary judgment is denied.[5]

5. The plaintiff's motion to strike is denied as    moot.